'O'

___ Priority
✓ Send
___ Clsd
✓ Enter
NO JS-5/JS-6
___ JS-2/JS-3



FILED
CLERK, U.S DISTRICT COURT
JUL - 5 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY



ENTERED
CLERK, U.S. DISTRICT COURT
JUL - 5 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OPTIONAL CAPITAL, INC., ) CASE NO.: CV 04-3866 ABC (PLAx)
)
        Plaintiff, ) ORDER DENYING PLAINTIFF'S MOTION
) IN LIMINE
  v. )
)
KYUNG JOON KIM, et al., )
)
        Defendants. ) THIS CONSTITUTES NOTICE OF ENTRY
) AS REQUIRED BY FRCP, RULE 77(d).

Pending before the Court is Optional Capital, Inc.'s ("Plaintiff") Motion in Limine seeking to introduce witness statements and investigative reports prepared by the Ministry of Justice for the Republic of Korea during its investigation of crimes by former officers and directors of Plaintiff. Plaintiff filed the Motion on May 22, 2006, and the Defendants filed an Opposition on June 5, 2006. Thereafter, on June 19, 2005, Plaintiff filed a Reply. Upon consideration of the parties' submissions and the case file, the Court hereby DENIES the Motion.

//
//
//

## I. BACKGROUND

Plaintiff brought this action against Defendants on June 1, 2004. On June 23, 2005, Plaintiff's motion in limine seeking to introduce the statements and reports and Defendant's motion in limine to exclude inadmissable evidence were before this Court. After considering Plaintiff's proposed evidence, the Court noted several problems with Plaintiff's motion, such as the fact that the individuals were not placed under oath at the time they gave their statements and the fact that the individuals had no advice of counsel. (Hr'g Tr. 5:2-22). Rather than deny Plaintiff's motion, the Court allowed Plaintiff to withdraw it. (Id. at 11:2-17). In doing so, the Court made suggestions as to how Plaintiff could obtain admissible evidence through discovery tools such as depositions and letters rogatory. (Id. at 15:2-10). Yet, as Defendants point out in their Oposition to the instant Motion, Plaintiff has re-filed the same motion in limine that was filed and subsequently withdrawn approximately one year ago. (See Opp'n at 3:4).

In this Motion, Plaintiff seeks to introduce two categories of evidence. The first category consists of statements by former employees[1] of Optional Ventures Korea, Inc. ("Optional"), which were recorded by Korean prosecutors during a criminal investigation of Kyung Joon Kim. Plaintiff contends that these statements are admissible as either public records under FRE 803(8), business records

---

[1] The witness statements were taken from Sang Hoon Lee, Min Joo Kim, Jin Young Lee, Yoo Sun Oh, Mee Gui Kwak, Yoon Jung Kim and Dae Kwon Yuk as part of the Ministry's investigation of fraud.

2

1  under FRE 803(6), or admissions of a party's agent under FRE
2  801(d)(2). Alternatively, Plaintiff contends that the statements are
3  admissible under the residual exception to the hearsay rule under FRE
4  807. The second category of evidence consists of reports containing
5  the opinions and conclusions of Korean prosecutors regarding their
6  investigation. Plaintiff contends that these reports are admissible
7  as public records under FRE 803(8) or, in the alternative, as business
8  records under FRE 803(6).

## II. DISCUSSION

**A.  The Witness Statements and Investigative Reports Are Not Admissible as Public Records.**

Three categories of public records fall within the hearsay exception provided by FRE 803(8): (A) records of agency activities; (B) records of matters observed pursuant to some duty; and (C) evaluative reports in civil cases or against the government in criminal cases, unless the sources of information or other circumstances indicate lack of trustworthiness. Whether unintentionally, or worse, by design, Defendant misstates the public records exception under FRE 803(8). Under Defendant's reading of subsection (B), "criminal matters observed by police officers and other law enforcement personnel" fall outside the public records exception. (Defendant's Opp'n at 18:3-5). Under Defendant's reading of the rules, the statements and reports would clearly be excluded from the public records exception to the hearsay rule. However, FRE 803(8)(B) actually excludes "in criminal <u>cases</u> matters observed by police officers and other law enforcement personnel. . . ." (emphasis

3

added). Because this is not a criminal case, the statements and reports are not excluded solely because they were created in a criminal context.

In its Reply to Defendant's Opposition, Plaintiff clarifies its position regarding the evidence at issue by contending that the statements are admissible under FRE 803(8)(B), while the reports are admissible under FRE 803(8)(C). Nevertheless, the statements and reports fail to fall under the public records exception to the hearsay rule for the following reasons.

First, the witness statements do not fit within the public records exception under FRE 803(8)(B) because they are not trustworthy. FRE 803(8)(B) provides a hearsay exception for a statement by a public agency setting forth "matters observed pursuant to duty imposed by law . . . unless the sources of information or other circumstances indicate lack of trustworthiness." See, e.g., Nachtscheim v. Beech Aircraft Corp., 847 F.2d 1261, 1273 (7th Cir. 1988)(citing 4 Weinstein's Evidence, para. 803(8)[01] at 803-234 to 35)(concluding that the last clause relating to a document's trustworthiness is applicable to all three sections of FRE 803(8)). Thus, if a document lacks trustworthiness, then it fails to satisfy the requirements of the public records exception under FRE 803(8)(B). Additionally, there must be a showing of evidence demonstrating that the record was prepared as part of a day to day duty. See United States v. Chu Kong Yin, 935 F.2d 990, 999 (9th Cir. 1991)(citing United States v. Perlmuter, 693 F.2d 1290, 1293-94 (9th Cir. 1982)).

Here, the statements do not fall within the public records exception under FRE 803(8)(B) as records of matters observed pursuant

4

to a duty. Plaintiff presents a report by Ministry prosecutor Hyun Sik Yoo confirming that the Korean prosecutors were acting within their duties to the Ministry when they took the witness statements. But in spite of this report, the Court finds that the statements are not trustworthy considering the circumstances under which they were made. See infra. Because the witness statements do not satisfy the trustworthiness requirement of FRE 803(8)(B), they are not admissible as public records.

Secondly, the investigative reports do not fall within the public records exception under FRE 803(8)(C) as findings of an investigation. FRE 803(8)(C) provides a hearsay exception for a statement by a public agency setting forth "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate a lack of trustworthiness." While the Supreme Court in Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 170 (1988), held that opinions in investigative reports are not excluded per se under FRE 803(8)(C), courts must also consider limitations imposed by the trustworthiness clause of FRE 803(8) when determining admissibility of investigative reports. See, e.g., Jenkins v. Whittaker Corp., 785 F.2d 720, 725-27 (9th Cir. 1986)(finding that the trial court properly excluded unreliable public record). For example, courts must look at factors such as the timeliness of the investigation, the motives of the official conducting the investigation, and whether a hearing was held in conjunction with it. See Fed. R. Evid. 803 advisory committee's note (8)(C). The presence of a hearing ensures the trustworthiness of a document by allowing the opposing party to cross-examine the declarant. See Franklin v. Skelly Oil Co., 141 F.2d 568, 572 (10th

Cir. 1944).

Here, in light of the limitations imposed by the trustworthiness clause of FRE 803(8), the investigative reports do not fall within the public records exception under FRE 803(8)(C). Plaintiff contends that the reports are admissible because they resulted from investigations made under authority of law. But even if they resulted from investigations authorized by law, the Court finds that the reports are unreliable in light of the circumstances under which they were made. First, the motives of the prosecutors during its investigation call into question the reliability of the reports at issue. Because the prosecutors had an interest in construing the statements in a manner unfavorable to Mr. Kim and because their conclusions depend on the statements themselves as opposed to any factual findings, the reports are not reliable. Second, the lack of a hearing or opportunity to cross-examine the Korean prosecutors regarding their reports is another indication of the untrustworthy nature of the reports. Thus, because of the untrustworthy nature of the reports, they are inadmissible as public records under FRE 803(8)(C).

**B.  The Witness Statements and Investigative Reports Are Not Admissible as Business Records.**

To qualify as a business record under FRE 803(6), the given record must satisfy three elements: (1) the document must be prepared in the normal course of business; (2) it must be made at or near the time of the event it records; and (3) it must be based on the personal knowledge of the entrant or on the personal knowledge of an informant having a business duty to transmit the information to the entrant. Datamatic Servs. v. United States, 909 F.2d 1029, 1033 (7th Cir.

1990); see United States v. Huber, 772 F.2d 585, 590-91 (9th Cir. 1985). Moreover, the basis for admitting evidence under the business records exception is reliability. Munoz v. Strahm Farms, Inc., 69 F.3d 501, 503 (Fed. Cir. 1995)(citing Saks Int'l, Inc. v. M/V Export Champion, 817 F.2d 1011, 1013 (2nd Cir. 1987)).

Here, Plaintiff has failed to demonstrate that the statements and reports satisfy the elements of business records under FRE 803(6). Quoting FRE 803(6), Plaintiff simply states that the statements and reports constitute business records without providing any evidence that the business record elements have been satisfied. Additionally, because of the unreliable circumstances under which they were made, the statements and reports are not admissible as business records just as they are not admissible as public records. See supra. Plaintiff may not attempt to circumvent the hearsay rule by characterizing the statements and reports as business records.

Furthermore, Plaintiff's reliance on United States v. Box, 50 F.3d 345 (5th Cir. 1995), is misplaced. In Box, the records of arrest were deemed to be properly admitted as business records because a qualified witness's testimony demonstrated that the requirements of FRE 803(6) had been met. See id. at 356. Plaintiff argues that because records of arrest prepared by a county attorney were properly admitted in that case, the statements and reports prepared by Korean prosecutors should also be admissible in this case. But unlike in Box, here Plaintiff provides no evidence showing that the statements and reports satisfy the requisite elements of the exception.

//
//
//

## C. The Witness Statements Are Not Admissible as Admissions of a Party's Agent.

Under FRE 801(d)(2)(D), a statement made by a party's agent may be introduced as evidence against that party if it concerns a matter within the scope of the agency or employment and was made during the existence of the relationship. FRE 801(d)(2)(D). The Supreme Court has held that out-of-court statements may be considered by courts under FRE 104(a) when making preliminary factual determinations concerning admissibility of statements under FRE 801(d)(2)(D). In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation, 906 F.2d 432, 458 (9th Cir. 1990)(citing Bourjaily v. United States, 483 U.S. 171, 177-81 (1987)).

While the Court may consider the content of a given statement, the statement in and of itself is not sufficient to establish an agency or employment relationship. FRE 801(d)(2). Rather, independent proof is also required to determine the type of relationship and its scope. See Oki America, Inc. v. Microtech Int'l, Inc., 872 F.2d 312, 314 (9th Cir. 1988). For example, an agency relationship may exist if there is evidence that a witness reports directly to a party who owns the majority of the stocks in the company. See United States v. Agne, 214 F.3d 47 (1st Cir. 2000). Also, an agency relationship may exist where there is evidence that the witness is directly responsible to the party. See Zaken v. Boerer, 964 F.2d 1319, 1322-23 (2nd Cir. 1992). Lastly, as a proponent of the statements purportedly falling within the agency exception, Plaintiff has the burden to demonstrate the foundational requirement that the statements relate to a matter within the scope of the agent's agency or employment. See United States v. Chang, 207

8

F.3d 1169, 1176 (9th Cir. 2000).

Here, Plaintiff has not met its burden to show that the witness statements fall within the party admissions exception to the hearsay rule. Plaintiff's mere assertion that the witnesses were employees of Mr. Kim is insufficient to establish an agency or employment relationship. Here, although Plaintiff contends that there is "much independent evidence of the agency relationship," Plaintiff merely refers to Mr. Kim's deposition without specifically indicating where such information could be found. (See Plaintiff's Motion in Limine at 14:17-19). In a similarly confusing manner, Plaintiff attempts to cite to "evidence" in support of Plaintiff's <u>stricken</u> motion for summary judgment. That motion is, of course, not before the Court. In addition, Plaintiff repeats its earlier mistake by failing to cite to specific evidence and, presumably, expects the Court to "paw over" Plaintiff's motion and many exhibits.[2] Huey v. UPS, Inc., 165 F.3d 1084, 1085 (7th Cir. 1999)("Judges need not paw over the files without any assistance from the parties."). Plaintiff simply states that Mr. Kim and Erica Kim controlled all the bank accounts, while failing to provide any description of their employment duties. Moreover, Erica Kim invoked her Fifth Amendment right against self-incrimination. As such, she offered no insight into her prior activities at Optional. It is unclear how this constitutes "evidence" demonstrating an agency

---

[2] Previously, in its Order issued on March 29, 2006, the Court admonished both parties, but particularly Plaintiff, for referring to multiple exhibits without providing guidance as to the relevance or meaning of those exhibits. Accordingly, the Court struck both parties' motions due in part to the overall sloppiness and lack of guidance.

or employment relationship.[3]

Regardless, even if Plaintiff could somehow establish an agency or employment relationship, the statements would nevertheless be inadmissible because they were not made during the agency or employment relationship. Statements made after the relationship ceased to exist do not qualify as admissions by a party's agent. See, e.g., Robinson v. Audi NSU Auto Union Aktiengesellschaft, 739 F.2d 1481, 1487 (10th Cir. 1984). In In re Sunset Bay Assocs., 944 F.2d 1503, 1517 (9th Cir. 1991), to which Plaintiff analogizes the instant matter, a loan officer's statements were properly admitted against his supervisor. However, unlike the statements in the instant matter, the loan officer's statements were made during the existence of the employment relationship. See id. Here, the statements themselves indicate that they were obtained after the witnesses' employment with Optional had ended.[4]

**D. The Witness Statements Do Not Fit Within the "Catch-all" Exception to the Hearsay Rule Under FRE 807.**

In order to fall under FRE 807, the "catch-all" or residual exception to the rule against hearsay, evidence must have "circumstantial guarantees of trustworthiness equivalent to the listed exceptions to the hearsay rule." United States v. Sanchez-Lima, 161

---

[3] Plaintiff offers nothing to show an agency relationship as to Bora Lee.

[4] Additionally, the statements are inadmissible because they are not related to a matter within the scope of the agency. Not only does Plaintiff fail to sufficiently establish any relationship of agency or employment, but it also makes no effort to demonstrate that the statements fell within the scope of the agency.

F.3d 545, 547 (9th Cir. 1998)(citing <u>United States v. Fowlie</u>, 24 F.3d 1059, 1069 (9th Cir. 1994)). When determining whether offered evidence is sufficiently trustworthy, courts consider such factors as the character of the statement, the relationship of the parties, the probable motivation of the declarant in making the statement, and the circumstances under which it was made. <u>See</u>, <u>e.g.</u>, <u>United States v. Wright</u>, 363 F.3d 237, 245-46 (3rd Cir. 2004). Furthermore, the residual exception to the rule against hearsay is used where the evidence is material, probative, and necessary in the interest of justice. <u>See</u> <u>United States v. Valdez-Soto</u>, 31 F.3d 1467, 1470 n.2 (9th Cir. 1994).

    Here, Plaintiff fails to provide any reasons to believe that the statements are trustworthy. First, Plaintiff contends that the statements are no different than what would have been acquired if "letters rogatory" had been used. A letter rogatory is a direct communication from a court of one country to a court of another whereby one country requests another to assist in the administration of justice. <u>See</u> <u>In re Letter Rogatory from the Justice Court, Dist. of Montreal,Can.</u>, 523 F.2d 562, 563 n.1 (6th Cir. 1975). In the instant case, the statements were taken from Optional's former employees who were arrested by Korean prosecutors for the criminal investigation of Mr. Kim. However, other than asserting that such statements would be no different than those obtained through letters rogatory, Plaintiff fails to provide any evidence to support its assertion. And in fact, the statements were created in a context without the procedural safeguards present in typical discovery proceedings. For example, the witnesses had no advice of counsel, they were not placed under oath at the time that the statements were

created, and only one witness was advised of his right to remain silent.

Second, Plaintiff's contention that the statements are trustworthy because they were obtained and used by Korean prosecutors is without merit. Hearsay within hearsay is not admissible if any statement does not fall within an enumerated exception to the hearsay rule. See e.g., Skillsky v. Lucky Stores, Inc., 893 F.2d 1088, 1091-92 (9th Cir. 1990). Here, the witness statements contain multiple leading questions asked by prosecutors, many of which contain additional hearsay statements themselves. And because they do not fall within any exception to the hearsay rule, the statements are inadmissible.

In addition, Plaintiff contends that the statements are trustworthy because four individuals appeared before a Korean judge on April 3, 2006 and swore under penalty of perjury that their prior statements were true. The presence of an oath alone is not sufficient to guarantee the trustworthiness of the proposed evidence. Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707, 714 (9th Cir. 1992)(citing United States v. Fernandez, 892 F.2d 976, 981 (11th Cir. 1989)). Furthermore, the Supreme Court has stated that the circumstantial guarantees of trustworthiness are those that existed at the time the statements are made and do not include those that may be added by using hindsight. Idaho v. Wright, 497 U.S. 805, 820 (1990)(quoting Huff v. White Motor Corp., 609 F.2d 286, 292 (7th Cir. 1979)). Even though the witnesses in this case swore under penalty of perjury that their previous statements were true, their oaths are inadequate to guarantee the trustworthiness of the statements. For example, despite the presence of the oaths, the statements lack trustworthiness because

some answers that these individuals subsequently provided under oath contradict the very statements that Plaintiff seeks to introduce. Moreover, the statements lack trustworthiness despite the oaths because representatives of Myung Bak Lee, the mayor of Seoul, admonished the witnesses not to change their respective statements or aid Mr. Kim in any way.

Finally, the statements bear additional indicia of untrustworthiness because of the circumstances under which they were taken. First, they were created and recorded by Korean prosecutors, thereby preventing the individuals from recording and verifying their own words. The individuals were simply instructed to sign the prepared documents. Also, only one of the witnesses, Sang Hoon Lee, was advised of his right to remain silent. But according to Defendants' Private Investigator, Jack Palladino, Sang Hoon Lee was detained and interrogated for one week by Korean authorities. The coercion inherent in such long-term custodial interrogations greatly increases the risk that the resulting statement is involuntary, and thus, untrustworthy. Furthermore, defense counsel was not present at the interrogation. And after the witnesses signed their respective statements, they were admonished by Mr. Lee not to change those statements. Because of the leading questions of Korean prosecutors, the absence of defense counsel, and the witnesses's fear of retaliation by Mr. Lee, the resulting witness statements lack trustworthiness. In light of these considerations, the Court finds

//
//
//
//

that the statements are not sufficiently trustworthy to merit admission under the residual hearsay exception.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine is hereby DENIED.

**SO ORDERED.**

**DATED:** July 5, 2006

**AUDREY B. COLLINS**
**UNITED STATES DISTRICT JUDGE**