O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| OPTIONAL CAPITAL, INC., | CASE NO.: CV 04-3866 ABC (PLAx) |
| Plaintiff, | ORDER RE: MOTION FOR RELIEF UNDER RULES 59(e) AND 60 |
| v. | |
| KYUNG JOON KIM, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Optional Capital Inc.'s
Motion for Rule 59(e) or Rule 60 Relief ("Motion"), filed on June 25,
2008.  The Defendants filed an Opposition on July 14, 2008, and
Plaintiff filed a Reply on July 21, 2008.  The Court found the Motion
appropriate for resolution without oral argument and vacated the
hearing date.  Upon consideration of the materials submitted by the
parties and the case file, the Court hereby **DENIES** the motion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The trial on this case commenced on January 22, 2008.  On
February 4, 2008, after two days of deliberations, the jury returned
its verdict finding Defendants liable on all three claims Plaintiff

1  brought against them, awarding Plaintiff between $60 and $67 million
2  in damages, depending on the exchange rate used.  On February 29,
3  2008, Defendants filed their Renewed Motion for Judgment as a Matter
4  of Law, or in the Alternative Motion for New Trial ("Rule 50 Motion").
5  Briefing on the Rule 50 Motion was complete when the Defendants filed
6  their Reply on March 17, 2008.  On May 29, 2008, the Court granted the
7  Rule 50 Motion, finding that the jury verdict was not supported by
8  evidence presented at trial.  Thereafter, judgment was entered for
9  Defendants.

10      Plaintiff now moves the Court to alter, amend, vacate, or set
11  aside the judgment pursuant to Federal Rules of Civil Procedure 59(e)
12  or 60.  Plaintiff raises the same two grounds for relief under both
13  rules, each of which allows the Court to alter or vacate its judgment
14  based on newly discovered evidence, or if the judgment is based on
15  judicial error.  First, Plaintiff contends that new evidence has
16  arisen, requiring the Court to revisit its May 29 ruling on the Rule
17  50 Motion.  This new evidence is the fact that, on April 17, 2008,
18  defendant KJ Kim was convicted in a Korean criminal court of
19  embezzlement and other charges for the acts Optional alleged in its
20  lawsuit against Defendants.  Second, apart from the new evidence of
21  Kim's conviction, Plaintiff asserts that the Court's decision in its
22  May 29 Order that the jury's verdict was unsupported by evidence is
23  clearly erroneous.  Defendants oppose the Motion.

24                    **II.  LEGAL STANDARDS**

25      Amendment or alteration of a judgment is appropriate under Rule
26  59(e) "if (1) the district court is presented with newly discovered
27  evidence, (2) the district court committed clear error or made an
28  initial decision that was manifestly unjust, or (3) there is an

intervening change in controlling law."  <u>Zimmerman v. City of Oakland</u>,
255 F.3d 734, 740 (9th Cir. 2001) (citation omitted).  "Relief from
judgment on the basis of newly discovered evidence is warranted if (1)
the moving party can show the evidence relied on in fact constitutes
'newly discovered evidence' within the meaning of Rule 60(b); (2) the
moving party exercised due diligence to discover this evidence; and
(3) the newly discovered evidence must be of 'such magnitude that
production of it earlier would have been likely to change the
disposition of the case.'"  <u>Feature Realty, Inc. v. City of Spokane</u>,
331 F.3d 1082, 1093 (9th Cir. 2003).

     "A motion for reconsideration also may be brought under Rule
60(b) if the moving party can show (1) mistake, surprise, or excusable
neglect; (2) newly discovered evidence; (3) fraud or other misconduct;
(4) a void judgment; (5) a satisfied or discharged judgment; or (6)
any other reason justifying relief from operation of judgment. Relief
under exception (6) above requires a finding of 'extraordinary
circumstances.'"  <u>Backlund v. Barnhart</u>, 778 F.2d 1386, 1388 (9th Cir.
1985).  "'[T]he major grounds that justify reconsideration involve an
intervening change of controlling law, the availability of new
evidence, or the need to correct a clear error or prevent manifest
injustice.'" <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d
364, 369 (9th Cir. 1989) (citation omitted).

     Some of the relief Plaintiff seeks is, in substance,
reconsideration.  A motion for reconsideration may not in any manner
repeat any oral or written argument made in support of or in
opposition to the original motion.  Local Rule 7-18.  Indeed, "a mere
attempt by [the moving party] to reargue its position by directing
[the] court to additional case law and . . . argument[s] which [it]

clearly could have made earlier, but did not . . . is not the purpose

of motions for reconsideration under" Local Rule 7-18.  <u>Yang Ming</u>

<u>Marine Transport Corp. v. Oceanbridge Shipping Int'l, Inc.</u>, 48 F.

Supp. 2d 1049, 1057 (C.D. Cal. 1999).

### III.  DISCUSSION

**A.  Relief Based Upon KJ Kim's Criminal Conviction in Korea**

**1.   The Relief Plaintiff Seeks**

The precise relief that Plaintiff seeks based upon KJ Kim's

subsequent conviction is not clearly set out in the Motion.  At a

minimum, it appears that Plaintiff is asking the Court to vacate

and/or reconsider its May 29 Order, under Rules 59(e) and 60(b),

thereby reinstating the jury verdict, on the ground that the

conviction – which was not presented to the jury – reinforces the

correctness of the jury verdict.  <u>See</u>, <u>e.g.</u>, Motion, heading IV (B)

("The Newly Discovered Evidence Of Kim's Criminal Conviction, Even If

Not Accorded Preclusive Res Judicata Effect, Is Still Evidence Which

Precludes Judgment As A Matter Of Law in Kim's Favor"); <u>see also</u>

Reply, 3:2-3 ("KJ Kim's Subsequent Criminal Conviction in Korea

Warrants Vacation of the Court's Rule 50 Judgment").  However,

Plaintiff cites no authority allowing the Court to consider evidence

not presented to the jury in deciding a Rule 50 motion, which requires

the Court to determine whether the jury's verdict was based upon

substantial evidence presented at trial.

Plaintiff also argues that the conviction should be given

collateral estoppel effect, and should bar the Defendants from

"relitigating" the issues.  <u>See</u>, <u>e.q</u>, Motion heading IV (A) ("Newly

Discovered Evidence - Kim's Criminal Conviction - Justifies Vacation

Of The Rule 50 Judgment And The Order Granting A New Trial Based On

The Doctrine Of Collateral Estoppel"). However, Plaintiff fails to advance any coherent theory as to how the Korean judgment could be given such retroactive effect. Assuming the issues are identical, they were litigated in this civil case before they were litigated in the Korean criminal case. Although a *prior* criminal proceeding may operate as collateral estoppel in a subsequent civil proceeding, in this case, the civil proceeding occurred first. Procedurally, the relief Plaintiff seeks would require the Court to vacate the May 29 Order, order a new trial (or reopen the case), decide that the Korean conviction of KJ Kim collaterally estops <u>all</u> of the Defendants from advancing any defense in this case and, presumably, enter judgment for Plaintiff. Although this byzantine course is the one Plaintiff's sought-after relief would entail, Plaintiff never expressly asks the Court to take any of these steps beyond vacating the May 29 Order.

### 2. KJ Kim's Criminal Conviction in Korea Is Not "Newly Discovered Evidence."

Whatever strain of relief Plaintiff is seeking, Plaintiff implicitly acknowledges that its Motion depends upon a determination that KJ Kim's April 17, 2008 conviction is "newly discovered evidence" within the meaning of the federal rules.

Assuming Plaintiff's requested relief entails vacating the May 29 Order based upon reconsideration, the conviction is no ground for reconsideration because it is not "newly discovered" evidence relative to that Order. KJ Kim's conviction occurred on April 17, 2008. Plaintiff's counsel admits learning of the conviction on April 20, 2008. (Lee Decl. ¶ 2.) Plaintiff therefore knew about the conviction well before the Court issued its May 29 Order. Plaintiff's counsel even indicates that she made the affirmative decision not to bring the

Korean decision to the Court's attention because, in essence, she would have had to seek leave of court to file supplemental briefing, she did not know whether this Court's decision was imminent, it would have taken time and work to complete the supplemental briefing, and she expected Plaintiff to prevail on the Rule 50 motion.  (Lee Decl. ¶ 4.)  The bottom line of all of these assertions is that Plaintiff knew of the conviction before the Court decided Defendant's Rule 50 motion, yet failed to present that evidence to the Court.  It is black-letter law that a reconsideration motion is not an opportunity for a party to raise arguments that it could have, but did not, make before the decision from which it is seeking relief was made.  Yang Ming Marine Transport Corp., 48 F. Supp. 2d at 1057.  Nor does the fact that the Rule 50 motion was fully briefed render the conviction "newly discovered" evidence: the Motion was still pending when Plaintiff learned of the conviction.   See, e.g., Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (Rejecting plaintiff's argument that evidence was "newly discovered" when plaintiff learned of it eight days before the judgment was rendered; rule 60(b) motion denied.)  As Plaintiff tacitly acknowledges, the appropriate procedure would have been to seek leave of court to file supplemental briefing, a request far less extraordinary than reconsideration based upon evidence known but not presented prior to the decision.

Insofar as Plaintiff's request requires an assessment of whether the conviction is "newly discovered" evidence sufficient to require a new trial, it also fails.  "To obtain a new trial on the ground of newly discovered evidence, the movant must show that he failed to discover the evidence earlier although he exercised due diligence.  In addition, the newly discovered evidence must be of facts existing at

the time of trial." Contempo Metal Furniture Co. of California v. East Texas Motor Freight Lines, Inc., 661 F.2d 761, 766 (9th Cir. 1981) (citations omitted). Here, KJ Kim was convicted approximately two and a half months after the jury returned its verdict in this case. As such, the conviction was not a fact in existence at the time of trial.

Plaintiff cites to Washington v. United States, 214 F.2d 33 (1954) for the proposition that "a general exception [to this requirement] exists where substantial justice requires a reopening and when the after-occurring event is of major importance in its impact of the case." Washington, 214 F.3d at 46-47. Of the six exceptional situations identified in Washington – including, for example, "[t]he later repeal or expiration of a Statute . . .[t]he later enactment of a Statute or negotiation of a treaty . . . [e]ffects of war or revolution" – only "intervening court decision" is ostensibly relevant. However, the Court is not persuaded that the "intervening court decision" of KJ Kim's conviction is the type of after-occurring event warranting exceptional treatment. The two most recent cases to which Washington cites involved intervening court decisions that changed law.

In Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538 (1941), for example, the district court dismissed a worker's compensation claim brought under Ohio law on the ground that the plaintiff's injury was not compensable under then-existing Ohio law. However, the Supreme Court reversed the dismissal on the ground that, after the district court dismissed the case but before the Supreme Court reviewed that decision, the Ohio Supreme Court ruled in a different case that claims such as the plaintiff's were, in fact, compensable

1   under Ohio law.   The United States Supreme Court acknowledged that the

2   district court's decision was correct at the time it was made, but

3   determined that, under <u>Erie v. Tompkins</u>, 304 U.S. 64 (1938),  the

4   paramount interest was that all federal courts sitting in diversity

5   should "conform their orders to the state law as of the time of the

6   entry."  <u>Vandenbark</u>, 311 U.S. at 543.   Because the intervening

7   decision of the Ohio Supreme Court changed the substantive state law

8   upon which the dismissal was based, the Supreme Court determined that

9   affirming the district court's decision would violate <u>Erie</u>.

10  Accordingly, the Court reversed the dismissal and remanded the case.

11  Similarly, in <u>Ruhlin v. New York Life Ins. Co.</u>, 304 U.S. 202 (1938)

12  the Court vacated and remanded the lower court's order so that it

13  could reconsider the case in light of <u>Erie</u>, which the Court

14  characterized as an intervening decision that addressed the very

15  choice-of-law issues raised in the case.   Both <u>Vandenbark</u> and <u>Ruhlin</u>,

16  then, involved changes in law rendered through intervening court

17  decisions.   This case involves no similar court decision.   As such,

18  none of the exceptions to which Plaintiff refers apply to this case.

19       Similarly, <u>United States v. Garland</u>, 991 F.2d 328 (6th Cir. 1993)

20  is distinguishable.   <u>Garland</u> addressed whether a criminal defendant

21  should have been granted a new trial under Fed. R. Crim. Proc. 33,

22  which authorizes such relief "in the interest of justice," including

23  on the ground of newly discovered evidence.   In <u>Garland</u>, the defendant

24  was convicted of defrauding an investor in connection with a business

25  deal for the purchase of cocoa beans from Ghana.   The theory of the

26  prosecutor's case was that Garland was simply lying about whether

27  there ever was a cocoa deal – an explanation that Garland was unable

28  to substantiate because all witnesses and evidence were in Ghana and

1  Cameroon and he could not secure them for trail.  After he was

2  convicted, Garland moved for a new trial based upon "newly discovered"

3  exculpatory evidence.  That exculpatory evidence included a

4  conviction, in a Ghanian court, of two Ghanian nationals for

5  defrauding Garland in connection with the same cocoa deal.  That

6  Ghanian court order substantiated Garland's claim that he was working

7  on a cocoa deal and was himself defrauded by his Ghanaian

8  counterparts.  The Sixth Circuit reasoned that the Ghanian court

9  decision undermined the whole theory of the prosecutor's case: if the

10 Ghanian defendants defrauded Garland, then Garland, along with the

11 investor he was accused of defrauding, was himself a victim of the

12 fraud and not the perpetrator.  As such, the Court found that this

13 evidence was likely to produce an acquittal if the case were retried

14 and found that granting a new trial would be "in the interests if

15 justice," in accordance with the standard set forth in Fed. R. Crim.

16 Proc. 33.

17      Here, in contrast with the convicted defendant in <u>Garland</u>,

18 Plaintiff had every opportunity to develop and present evidence at

19 trial.  Thus, insofar as Plaintiff argues that KJ Kim's conviction is

20 new evidence supporting its case, the Court deems it merely cumulative

21 of what it did present, and/or could have presented, at trial.  In

22 addition, under either Rule 59 or Rule 60, the newly-discovered

23 evidence must "be of such magnitude that production of it earlier

24 would have been likely to change the disposition of the case."

25 <u>Feature Realty</u>, 331 F.3d at 1093.  Plaintiff presented no argument on

26 this required element.  Furthermore, a quick review of the Korean

27 judgment indicates that it may well have relied to a significant

28 extent on evidence, including witness statements, that this Court

1  determined were inadmissible under the Federal Rules of Evidence.

2  Finally, in <u>Garland</u>, the defendant was asking for a new trial based

3  upon new evidence.  Here, it is not at all clear that Plaintiff is

4  actually asking for a new trial; indeed, Plaintiff seeks

5  reconsideration and relief from judgment.  Ultimately, although Fed.

6  R. Civ. Proc. 60(b) recognizes that reconsideration may be available

7  "for any other reason justifying relief from judgment," no such "other

8  reason" exists in this case.

9          **3.   Plaintiff Has Not Shown that Collateral Estoppel Is**

10             **Available or Warranted.**

11         Insofar as Plaintiff seeks to endow the Korean conviction with

12  collateral estoppel effect, thereby somehow securing a victory in this

13  case, Plaintiff's moving papers do little to guide the Court through

14  the more-than-fifty-page Korean judgment (Lee Decl. Ex. B) upon which

15  Plaintiff asks the Court to rely.  Instead, Plaintiff's opening brief

16  refers the Court to pages 2 through 16 of the judgment, telling the

17  Court that all the findings necessary to support collateral estoppel

18  are set forth therein.  As Plaintiff itself observes, a court may, in

19  its discretion, apply preclusive effect to a judgment only if "the

20  party asserting issue preclusion, [<u>shows</u>] that the estopped issues are

21  <u>identical</u> to issues litigated in a prior action."   <u>Resolution Trust</u>

22  <u>Corp. v. Keating</u>, 186 F.3d 1110, 1116 (9th Cir. 1999) (emphasis added)

23  ("<u>RTC</u>").   In <u>RTC</u>, the Ninth Circuit observed that "[d]etermining

24  whether two issues are identical for purposes of collateral estoppel

25  often is a difficult question," and stated its "four factors to aid in

26  that process":  "(1) is there a substantial overlap between the

27  evidence or argument to be advanced in the second proceeding and that

28  advanced in the first? (2) does the new evidence or argument involve

the application of the same rule of law as that involved in the prior proceeding?  (3) could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second? (4) how closely related are the claims involved in the two proceedings?"  Id.

Plaintiff's brief provides no analysis addressing any of these requirements, let alone each of the relevant ones.  Nor is the Declaration of Chaung Park helpful; it merely briefly characterizes, in paragraphs 14-20, some of the conclusions set forth in the Korean judgment, but without citations to the judgment itself.  Plaintiff has made no attempt to demonstrate the necessary correspondences between the Korean judgment and its causes of action herein.  Although it is clear that some of the actors and evidence are the same and that some of the allegations are similar, Plaintiff has not shown that the elements of the Korean crimes encompass the elements of the civil claims in this case, or how the Korean conviction against KJ Kim would compel a judgment against all of the other defendants in this case.  Furthermore, KJ Kim was convicted of some, but not all, of the charges against him, and Plaintiff has done nothing to explain how those "not guilty" findings would impact the applicability of collateral estoppel in this case.  In short, Plaintiff has not demonstrated the tight fit between the cases necessary to justify collateral estoppel.  As the Court has stated before, it will not undertake Plaintiff's burdens.  Plaintiff attempted to cure some of these deficiencies in its Reply, devoting seven pages to quoting from the Korean judgment.  But, as the parties are well aware, courts generally decline to consider arguments made and evidence presented for the first time in a reply brief.  The Court will abide by that practice.  Thus, assuming collateral estoppel

were available even though the conviction of KJ Kim occurred after
judgment was entered in this case, no sound basis for applying the
doctrine has been presented.

**B.    Motion for Reconsideration Based Upon "Clear Error."**

Plaintiff also seeks more straight-forward reconsideration of the
May 29 Order, arguing that the Court committed clear error in granting
Defendants' Rule 50 motion.  Plaintiff argues that, contrary to the
Court's Order, Plaintiff did present sufficient evidence at trial to
support the jury verdict.  To demonstrate that it presented sufficient
evidence at trial, Plaintiff devotes 15 pages of its brief and a
lengthy Declaration of Mary Lee citing to evidence in the trial
record.  By contrast, as the Court explained in its May 29 Order,
Plaintiff's Opposition to Defendants' Rule 50 motion was all but
devoid of citations to facts and/or evidence that might have
demonstrated that "substantial evidence" supported the jury's verdict.
Judging solely by its relative length, Plaintiff's defense of the
verdict in its current motion is ostensibly more robust than it was
when the Rule 50 motion was pending.  Given how disorganized
Plaintiff's presentation to the jury was, and how mutable its claims
were, a detailed, substantive showing was in fact necessary to
demonstrate that the verdict was supported.  However, it is too late
to make such a showing now.

Plaintiff presents no reason at all – let alone a sympathetic or
justifiable one – why it did not specifically identify the necessary
trial evidence, as it attempts to now, when it opposed Defendants'
Rule 50 Motion.  The Court can conceive of no excuse for such an
inversion of effort.  Indeed, any such evidence must, by definition,
be part of the trial record that was available to Plaintiff when it

filed its Opposition to the Rule 50 motion.  Plaintiff faults the Court for deciding the Rule 50 motion as it did; however, Plaintiff identifies no way in which the Court erred based upon what the parties' briefs presented at that time.  Instead, by presenting nothing more than extensive citations to the transcript – which Plaintiff could have done, but did not do, when it opposed the Rule 50 motion –  the whole of Plaintiff's current Motion tacitly recognizes that the fault lies, in the first instance, with itself.  Because the only arguments Plaintiff makes to support its request for reconsideration of the May 29 Order based upon clear error could have and should have been made at the time the Rule 50 Motion was pending, Plaintiff has presented no cognizable ground for reconsideration.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:      August 1, 2008**

_____

**AUDREY B. COLLINS**
**UNITED STATES DISTRICT JUDGE**